IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID EARL HUNTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-877 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, David Earl Hunter, seeks a writ of habeas corpus to challenge a state court judgment under 28 U.S.C. § 2254. Doc. # 1. The respondent has filed a motion to dismiss [Doc. # 23], arguing that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Hunter has filed a reply. Doc. # 24. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons that follow.

**I.   PROCEDURAL HISTORY**

Hunter is currently in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") as the result of a judgment of conviction entered against him in the 361st Judicial District Court of Brazos County, Texas in

cause number 06-02034-CRF-361. A local grand jury returned an indictment against Hunter in that case, charging him with possession of a controlled substance, Penalty Group 1, less than one gram, in a drug free zone. Doc. # 15-9, p. 5. Hunter entered a judicial confession to the crime, pursuant to a plea agreement. *Id.* at 13-17. Pursuant to the plea agreement, the trial court placed him on community supervision for five years on October 27, 2006. *Id.* at 16-20. No appeal was filed at that time.

On October 11, 2007, the State filed a motion to revoke probation which it amended on October 16, 2007. *Id.* at 26-27. On June 10, 2008, the trial court entered a judgment revoking community supervision and sentencing Hunter to eight years in the TDCJ. *Id.* at 32. Hunter appealed, and the Court of Appeals for the Tenth District of Texas affirmed the trial court's judgment. *Hunter v. State*, No. 10-08-00053-CR, 2009 WL 4723381 (Tex. App. Waco Dec. 9, 2009, pet. ref'd). The Texas Court of Criminal Appeals denied Hunter's petition for discretionary review on May 26, 2010). No petition for writ of certiorari was filed with the United States Supreme Court.

Hunter's attorney filed Hunter's first application for a state writ of habeas corpus with the Brazos County Clerk's Office on February 21, 2011. Doc. # 15-12, pp. 5-12. The Texas Court of Criminal Appeals denied the application without a written order on findings of the trial court. *Ex parte Hunter*, No. 26,936-02 (Tex. Crim. App. Aug. 3, 2011). Doc. # 15-12, p. 2. Hunter filed a second application for

a state writ of habeas, *pro se,* on July 29, 2012.[1]  Doc. # 15-21, p. 18.  The Court of Criminal Appeals dismissed the application as successive pursuant to Article 11.07, § 4 of the Texas Code of Criminal Procedure.  *Ex parte Hunter*, No. 26,936-03 (Tex. Crim. App. Sept. 19, 2012).  *Id.* at 2.  On December 17, 2012, Hunter executed and filed a third state habeas application.  Doc. # 15-23, p. 20.  That application was also dismissed as successive   *Ex parte Hunter*, No. 26,936-04 (Tex. Crim. App. Feb. 6, 2013).  *Id.* at 2.

Hunter executed and submitted for mailing his federal petition for a writ of habeas corpus on March 19, 2013.  Under the "mailbox" rule, it is considered filed on that date.  *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)).

## II.  CLAIMS

Hunter asserts the following claims in his habeas petition:

1. The magistrate judge issued the search warrant without sufficient probable cause;

2. The search and seizure were illegal;

---

[1] Hunter executed the application and apparently surrendered it to TDCJ authorities for mailing to the state district court on July 29, 2012.  It is therefore considered filed on that date.  Therefore, it is considered filed on that date.  *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013).

3

3. The officers failed to obtain a subsequent, valid search warrant;

4. The magistrate judge failed to conduct an examining trial of the search and seizure;

5. The conviction was based on the illegally obtained drugs;

6. Trial counsel was ineffective for failing to challenge the search and seizure, and for advising Hunter to plead guilty;

7. Trial counsel was ineffective for failing to inform Hunter of the parole guidelines;

8. Hunter entered into the plea bargain and agreement involuntarily, unknowingly, and unintelligently;

9. Trial counsel was ineffective for failing to challenge the allegations in the indictment;

10. Counsel was ineffective:

    a. During the direct appeals process; and

    b. During the state habeas process for filing a defective application;

11. Counsel was ineffective in filing a deficient state habeas application that should have been dismissed as non-compliant; and

12. The Court of Criminal Appeals improperly dismissed as successive Hunter's later state habeas applications challenging this same conviction.

>Hunter argues that the merits of the claims in the first habeas application filed by his attorney were not reviewed by the Court of Criminal Appeals because the first application was deficient. He contends that his subsequent *pro se* habeas applications were improperly dismissed as successive.

Doc. # 1, pp. 8-12.

### III. DISCUSSION

#### A. One-Year Statute of Limitations

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d) which provides in pertinent part:

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

      filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179. The one-year limitations period applies in this action. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

    **B.**    **Challenges to Probation Judgment (Claims 1-9)**

**Finality of the Probation Judgment.–** As outlined above, nine of Hunter's claims challenge a judgment imposing community service or probation following his guilty plea on October 26, 2006. *See Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005) (holding that an order placing a defendant on probation or deferred adjudication supervision is a "final judgment" for purposes of section 2244(d)(1)(A)); *see also Tharpe v. Thaler*, 628 F.3d 719 (5th Cir. 2010) (reaffirming the holding in *Caldwell*), *cert. denied*, 131 S. Ct. 2934 (2011). Where a state court judgment is challenged on federal review, the statute of limitations found in 28 U.S.C. § 2244(d)(1)(A) begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this context, the Supreme Court has recognized that a state conviction is "final" under the AEDPA when there is no further "availability of direct appeal to the state courts." *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 685 (2009) (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)).

The record confirms that Hunter waived the right to appeal when he was placed on deferred adjudication community supervision following his guilty plea on October 27, 2006. Even assuming that he had a right to appeal, Hunter's time to pursue direct review expired thirty days later and the judgment became final on November 26, 2006. *See Gonzalez v. Thaler*, 623 F.3d 222, 226 (5th Cir. 2010). That date triggered

the AEDPA statute of limitations, which expired one-year later on November 26, 2006. *See Caldwell*, 429 F.3d at 530. Accordingly, the pending federal habeas petition, dated April 12, 2013, is late by more than six years and is time-barred unless an exception applies.

**Statutory Tolling.–** Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. The record shows that Hunter's first state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure was filed on filed February 21, 2011. Because this application was not filed until well after the AEDPA limitations period had already expired, this application does not extend the limitations period for federal habeas review under § 2244(d)(2). *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). It follows that Hunter's later state habeas applications have no tolling effect also. *Id.*

Hunter raises no other valid basis for statutory tolling of the limitations period and the record does not disclose any. In that regard, Hunter does not demonstrate that he was subject to state action that impeded him from filing his petition in a timely

8

manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, the claims are barred as untimely.

### C. Challenge to Appellate Attorney's Ineffectiveness (Claim 10a)

**Direct Appeal.–** In the first part of his tenth ground for relief, Hunter alleges that his appellate counsel was ineffective because he failed to review the State's case and instead filed an *Anders*[2] brief asserting there were no colorable claims. Doc. # 1, p. 11. As noted above, the Tenth Court of Appeals affirmed the trial court's judgment on December 9, 2009, and the Court of Criminal Appeals refused Hunter's petition for discretionary review on May 26, 2010. *Hunter v. State*, PD-0211-10. Because no petition for writ of certiorari was filed, Hunter's conviction became final ninety days later on August 24, 2010. SUP. CT. R. 13.1; *Gonzalez v. Thaler*, 623 F.3d 222, 225-226 (5th Cir. 2010) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

**Statutory Tolling.–** Hunter's first state habeas application challenging the conviction was filed on February 21, 2011. Doc. # 15-12, pp. 5-12. The Court of Criminal Appeals denied it 164 days later on August 3, 2011. *Ex parte Hunter*, No.

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

9

26,936-02. Consequently, the deadline for asserting a habeas challenge based on the appellate counsel's performance was February 6, 2012, 164 days after August 24, 2010. 28 U.S.C. § 2244(d)(1)(A); FED. R. CIV. P. 6(a)(3).

Hunter's second state habeas application was filed on July 29, 2012. His third application was filed on December 17, 2012. These subsequent habeas applications do not toll the limitations period because they were filed after it expired. *Richards*, 710 F.3d at 576; *Scott*, 227 F.3d at 263. Consequently, the ineffective assistance of appellate counsel claim was presented in this Court more than one year after the expiration of the limitations period.

There is no showing that Hunter's ineffective assistance of counsel claim was subject to an impediment under § 2244(d)(1)(B). Hunter cites two Supreme Court cases in his pleadings, *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Doc. # 2, p. 9. These cases do not present a new rule of constitutional law under 28 U.S.C. § 2244(d)(1)(C). *See Adams v. Thaler*, 679 F.3d 312, 323 n.6 (5th Cir. 2012) (*Martinez* []was an "equitable ruling" that did not establish "a new rule of constitutional law.") (quoting *Martinez*, 132 S. Ct. at 1319). Hunter also cites *Padilla v. Kentucky*, 559 U.S. 356 (2010). Doc. # 2, p. 14. The Supreme Court held in *Padilla* that an attorney was ineffective in failing to advise a defendant that his guilty plea made him subject to deportation. *Id.* at 369. Hunter

10

does not allege that he is facing any deportation proceeding. Also, *Padilla* cannot be applied retroactively. *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013). Hunter also cites two other recent Supreme Court decisions, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). These cases are not applicable because the Supreme Court did not announce new rules of law in *Cooper* and *Frye*. *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012). Instead, the Court "merely applied the Sixth Amendment right to counsel to a specific factual context." *Id.*; *see also Miller v. Thaler*, 714 F.3d 897, 902 (5th Cir. 2013). Finally, Hunter fails to present a newly discovered factual predicate relating to his appellate attorney's performance. *See* 28 U.S.C. § 2244(d)(1)(C),(D). Therefore, Hunter's claim regarding his state appellate attorney is barred by 28 U.S.C. § 2244(d)(1)(A).

**Equitable Tolling.–** In his reply, Hunter argues that he is entitled to tolling for equitable reasons regarding his attorney's alleged deficient performance. Doc. # 24, at 1. Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

11

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of proof that he is entitled to equitable tolling. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000)). Hunter fails to meet his burden regarding either factor for equitable tolling for reasons discussed further below.

Hunter contends that the recent Supreme Court's decisions in *Trevino* and *Martinez* excuse his dilatoriness. This argument is unavailing. These cases only establish a narrow exception when a habeas petitioner's ineffective assistance of trial counsel claims are otherwise barred by procedural default. *Trevino*, 133 S. Ct. at 1913; *Martinez*, 132 S. Ct. at 1319. They did not establish a ground for equitable tolling. *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012). Moreover, Hunter has not shown that he diligently sought relief in the state courts. *See Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004); *Melancon v. Kaylo*, 259 F.3d 401, 407-08 (5th Cir. 2001). He has failed to offer any details to show what efforts he made to file a timely petition and demonstrate that his efforts to seek relief were thwarted. *See Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006). As noted above, Hunter's federal petition was filed more than a year after the expiration of the limitations period. His

dilatoriness in pursuing his remedies does not warrant equitable tolling and his claim regarding his appellate attorney's performance is untimely. *Palacios v. Stephens*, 723 F.3d 600 (5th Cir. 2013); *Koumjian v. Thaler,* 484 F. App'x. 966, 970 n.11 (5th Cir. 2012) (eight months delay) (citing *Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001) (delay of over four months)); *Coleman v. Johnson,* 184 F.3d 398, 403 (5th Cir. 1999) (six months).

### D. Habeas Attorney's Alleged Ineffectiveness (Claims 10b - 12)

Hunter's last series of claims for habeas relief concern his state habeas counsel's alleged deficient performance. He argues that the habeas application filed by his attorney was deficient and that the Court of Criminal Appeals did not consider the merits. Hunter's attorney filed the habeas application on February 21, 2011. Because the purportedly deficient application was filed with the state courts, it is part of the court's records and could have been discovered through due diligence. *Ford v. Gonzalez,* 683 F.3d 1230, 1236 (9th Cir. 2012). The time during which the attorney's state habeas application was pending tolled the limitations period. 28 U.S.C. § 2244(d)(2). Thus, the one-year limitations period commenced no later than August 3, 2011, the date the Court of Criminal Appeals denied the application. *Ex parte Hunter*, No. 26,936-02. Hunter filed his next habeas application 360 days later on July 29, 2012. Doc. # 15-21, p. 18. The Court of Criminal Appeals dismissed the

13

application on September 19, 2012. *Ex parte Hunter*, No. 26,936-03. Hunter had five more days, or until September 24, 2012, to file his federal habeas petition. Instead, he filed another state habeas application on December 17, 2012. *Ex parte Hunter*, No. 26,936-02. This final state application has no tolling effect because it was filed outside the limitations period. *Richards*, 710 F.3d at 576; *Scott*, 227 F.3d at 263. Therefore, Hunter's claims regarding his post-conviction habeas attorney are barred as untimely. 28 U.S.C. § 2244(d).

Like his claim regarding his appellate attorney, Hunter contends that he is entitled to equitable tolling, but fails to assert any facts or grounds that support the argument. He fails to show that he pursued his rights with diligence and that some extraordinary circumstance prevented him from doing so.

In addition, these last claims have no legal basis because they are premised on the alleged ineffectiveness of state habeas counsel. There is no constitutional right to effective assistance of counsel in a state habeas proceeding. *Ruiz v. Quarterman*, 460 F.3d 638, 644 (5th Cir. 2006). Although the Supreme Court in *Martinez* recognized a narrow exception to a procedural bar with regard to a petitioner's failure to present a ground regarding a trial counsel's ineffectiveness, this decision does not establish a constitutional right to habeas counsel. *Manning*, 688 F.3d at 189 (citing *Martinez*, 132 S. Ct. at 1315). Moreover, Hunter's last two claims (Claims 11 and 12)

are challenges to the manner in which the Court of Criminal Appeals addressed the habeas proceedings. As the respondent observed in his footnote [Doc. # 23, p. 13], "errors in state court proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief. . . ." *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). The constitutional error must be identified at trial or on direct appeal. *Id. See also Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court.") Hunter's claims are dismissed as untimely.

## IV.   HUNTER'S MOTIONS

Hunter filed a motion for summary judgment [Doc. # 10] contending that he is entitled to relief based on his attorneys' ineffectiveness. Having previously found that Hunter's habeas petition is untimely, the Court denies the motion.

Hunter has filed motions seeking release on bond. Docs. # 11 and # 25. These motions are denied.

Hunter has also filed motions seeking copies of his records. Hunter is not entitled to free copies of his records to search for possible errors merely because he is an indigent habeas litigant. *Johnson v. Johnson*, 194 F.3d 1309, 1999 WL 767047, *1 (5th Cir. 1999) (not selected for publication) (citing *Bonner v. Henderson,* 517 F.2d 135, 136 (5th Cir.1975). The motions [Docs. # 14, # 17, and #18] are denied.

## V.     CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S.

at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The one-year statute of limitations found in the AEDPA has been in place since 1996. The Court concludes therefore that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### VI. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondents' motions for extensions of time [Docs. # 16 and # 19] are **GRANTED**.

2. The respondent's motion to dismiss [Doc. # 23] is **GRANTED**.

3. The petition for a federal writ of habeas corpus [Doc. # 1] is **DISMISSED** with prejudice as barred by the statute of limitations.

4. All other motions [Docs. # 10, # 11, # 14, # 17, # 18, and # 25] are **DENIED**.

5. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on October 16 , 2013.

Nancy F. Atlas
United States District Judge